[No. 19221.    Department One.    November 3, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. J. T. KUSUMI *et al., Appellants.*[1]

ALIENS (5-1)—FRAUD—REAL PROPERTY — ACTION TO ESCHEAT — FRAUD—EVASION OF STATUTORY RESTRICTIONS—EVIDENCE OF FRAUD— SUFFICIENCY. Findings in an action to escheat lands owned by an alien, that there had been a fraudulent evasion of the alien land act of 1921, are not sustained, where an option to purchase lands had been assigned to an alien, who loaned money to a citizen to take up the option, and who took conveyances, shortly prior to the taking effect of the act, and all the circumstances were lawful in themselves and consistent with an honest purpose; since fraud cannot be inferred (TOLMAN, C. J., dissenting).

Appeal from a judgment of the superior court for King county, McCroskey, J., entered April 19, 1924, upon findings in favor of the state, in an action to escheat lands owned by an alien, after a trial to the court. Reversed.

*Guie & Halverstadt, W. Mervyn Williams,* and *Preston, Thorgrimson & Turner,* for appellants.

*Ewing D. Colvin,* for respondent.

MAIN, J.—This is an action to escheat a tract of agricultural land because of claimed alien ownership thereof. The cause was tried to the court without a jury, and resulted in a judgment escheating the land to the state, from which the appeal is prosecuted.

The facts in this case are strikingly similar to those in the case of the *State v. Kurita, ante* p. 426, 240 Pac. 554, just decided. In fact, during the trial of that case, the attorney supporting the right to escheat stated that the two cases were "twin brothers." In the *Kurita* case, the trial court was of the opinion that the transaction there involved was in good faith, and declined

[1]Reported in 240 Pac. 556.

to enter a judgment escheating the property. In this case, the trial court reached the opposite conclusion. The records in the two cases are so strikingly alike that this court should make the same holding in each case.

The facts of the present case may be summarized as follows:

On or about August 29, 1916, Ralph G. Chittenden, being then the owner of the land in question, leased the same to Smith-Bates Company, a corporation, for the term of three years at the gross rental of seven hundred and twenty dollars payable twenty dollars monthly. The lease contained an option of purchase which might be exercised at any time during the term covered thereby. On July 26, 1917, Smith-Bates Company assigned the lease and the option to purchase to the appellant J. T. Kusumi and to J. Hamamoto and S. Oka. At the same time and as a part of the same transaction, the Smith-Bates Company sold and delivered to the purchasers of the lease approximately eight hundred head of hogs, together with horses, wagons, farming implements, etc., then on the place. The bill of sale recites a consideration of twenty-five thousand dollars, twenty thousand of which was paid in cash.

Shortly before the term of the lease expired, the assignees sought a renewal thereof from Chittenden who declined to make any other lease than one from month to month. At this time, the assignees had a large number of hogs on the place which they could not dispose of advantageously if the lease be terminated upon the notice required from a month to month tenancy. Confronted with this situation, Kusumi took the matter up with one of his countrymen who took him to the office of Walter A. Keene, who was a lawyer

of good standing, and who died after the transaction in question was closed and before the trial. Mr. Keene inspected the property but did not have sufficient money to take up the option of purchase. Kusumi loaned him three thousand six hundred dollars, and he purchased the property, taking the title in the name of the Western America Realty Company, and giving the note of that company for the amount mentioned. Mr. Keene was the controlling stockholder in that company, as well as the Enterprise Investment Company which will be subsequently mentioned. In fact, he owned all the stock in each company except a few qualifying shares for the other officers. The Western America Realty Company then leased the land to Kusumi.

In 1921 the Enterprise Investment Company, a corporation, was organized. In the meantime, Hamamoto and Oka had transferred their interests to the appellant Hayashi. In 1921, at the suggestion of Mr. Keene, Kusumi and wife and Hayashi and wife made a quitclaim deed to the Enterprise Investment Company. On June 1 of the same year, the Western America Realty Company quitclaimed the property to the Enterprise Investment Company, which company executed and delivered to the Western America Realty Company its promissory note for three thousand five hundred dollars, payable on or before six years after date, and this was secured by a mortgage. Kusumi and Hayashi surrendered to the Western America Realty Company its note on which there was then due three thousand one hundred and eighty dollars, and the Western America Realty Company endorsed and delivered to them a three thousand five hundred dollar note made by the Enterprise Investment Company, and assigned to them the mortgage securing the same; and at the same time the Enterprise Investment Company executed and delivered to Kusumi a lease dated June 1, 1921, for a

period of five years, covering the property in question and a five acre tract adjoining, for an annual rental of four hundred and fifty dollars. Kusumi and Hayashi paid the Enterprise Investment Company rent totaling the sum of approximately eight hundred dollars.

The trial court did not accept the explanation given by Kusumi and Hayashi as to the reason for their loaning to Mr. Keene the three thousand six hundred dollars with which to purchase the property, and concluded that, from the beginning, the transaction was a subterfuge for the purpose of avoiding the constitutional provision against alien ownership of land. If the testimony which the trial court declined to accept be disregarded, then the case stands upon the record facts. All the conveyances mentioned were made matters of record. Disregarding the testimony of the witnesses as to their explanation of the transaction, the facts and circumstances are lawful in themselves and consistent with an honest purpose. If, as pointed out in the case of *State v. Kurita, supra,* and the authorities there cited, an attempt to avoid the constitutional provision against alien ownership of land constitutes a fraud, then, as stated in that case, the rules applicable to fraud transactions are applied. In *Dunlap v. Seattle National Bank,* 93 Wash. 568, 161 Pac. 364, it was said:

"The plaintiff, in support of his charge, does not rely upon positive testimony, but upon circumstances, claiming that these establish the charge as made. Fraud cannot be inferred from facts and circumstances lawful in themselves and consistent with an honest purpose. If, when all the facts and circumstances are taken together, they are consistent with an honest intent, proof of fraud is wanting.

"In *Foster v. McAlester,* 114 Fed. 145, the circuit court for the eighth circuit, said:

" 'Fraud cannot be inferred either by the court or jury from acts legal in themselves, and consistent with an honest purpose. The settled rule on this subject is that slight circumstances, or circumstances of an equivocal tendency, or circumstances of mere suspicion, leading to no certain results, are not sufficient to establish fraud. They must not be, when taken together and aggregated—when interlinked and put in proper relation to each other—consistent with an honest intent. If they are, the proof of fraud is wanting.' "

It seems plain to us that what Kusumi and Hayashi sought to do was to continue their leasehold interest in the land and operate it as they were then doing. There is no direct evidence that they had any other intent. There is no evidence that Mr. Keene in the transaction dealt otherwise than consistently with an attempt to secure Kusumi and Hayashi the leasehold interest which they desired, unless this can be inferred from facts and circumstances which are legitimate in themselves and consistent with an honest purpose. Under the holding of the case cited, this cannot be done.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

PARKER and HOLCOMB, JJ., concur.

TOLMAN, C. J. (dissenting)—For the reasons stated in *State v. Kurita, ante,* p. 426, 240 Pac. 554, I dissent.